# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David Johnson, | Civil No. 09-3481 (PAM/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Jessica Symms, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

Petitioner David Johnson commenced this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 19, 2010, Johnson filed a motion to voluntarily dismiss the action without prejudice under Federal Rule of Civil Procedure 41, conceding that some of his habeas claims are the subject of a post-conviction petition pending before the Minnesota Court of Appeals. Although Respondent Jessica Symms did not respond to the motion for voluntary dismissal, she previously had moved to dismiss the petition as containing both exhausted and unexhausted claims. Symms also filed a separate answer and supplemental memorandum on the issue of exhaustion and the merits of Johnson's claims.

Federal Rule of Civil Procedure 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action without court approval if either the opposing party has not filed an answer or a motion for summary judgment, or all parties have stipulated to the dismissal. Here, Symms has filed an answer to the petition, and she has not stipulated to dismissal. Therefore, Rule 41(a)(1)(A) is not available to Johnson.

Rule 41(a)(2) permits a court to dismiss an action at the plaintiff's request "on terms that

the court considers proper." Dismissal under Rule 41(a)(2) is without prejudice unless otherwise ordered. *Id.* Dismissal without prejudice under Rule 41(a)(2) is appropriate here. Johnson is well aware of the pitfalls of bringing a petition containing both exhausted and unexhausted claims, having previously requested either a stay or dismissal without prejudice in two other cases so that he could seek post-conviction relief in state court. *See Johnson v. Dingle*, Civ. No. 07-4793 (RHK/JJG); *Johnson v. King*, Civ. No. 08-6064 (RHK/JJG). This Court has previously advised Johnson of the one-year statute of limitations by which he must abide, that the pendency of a federal habeas petition does not toll the statute of limitations, and that although a post-conviction motion may toll the limitations period, it will not restart the clock. *King*, Civ. No. 08-6064 (Report & Recommendation at 4-9, July 10, 2009).

Symms acknowledged in her answer and supplemental memorandum that Johnson's appeal of his post-conviction petition remains pending before the Minnesota Court of Appeals. Thus, the statute of limitations is currently tolled, *see* 28 U.S.C. § 2244(d)(2), and dismissal of this action will have no adverse effect on the period of time in which Johnson may seek federal habeas relief.

Therefore, **IT IS HEREBY RECOMMENDED** that Petitioner David Johnson's Motion to Voluntarily Dismiss (Doc. No. 16) be **GRANTED**, and that the action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 5, 2010                            s/ *Jeanne J. Graham*

                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 20, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of any hearing unless the parties stipulate that the district judge is not required to review a transcript or if the district judge directs otherwise.